UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, STEPHEN A. KRAHLING and JOAN A. WLOCHOWSKI,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>MERCK & CO., INC.,<br><br>    *Defendant.* | Civil Action No. 10-4374 (CDJ) |
| IN RE: MERCK MUMPS VACCINE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Master File No. 12-03555 (CDJ) |

**PROTECTIVE ORDER**

1.  PURPOSES AND LIMITATIONS

  Disclosure and discovery activity in the Actions are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Actions may be warranted. Accordingly, the Court enters the following Protective Order (the "Order").

  This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable law.

2.  DEFINITIONS

  2.1  Challenging Party:  a Party that challenges the designation of information or items under this Order.

1

  2.2 "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that contain confidential and non-public development, financial or commercial information or non-public personal information or any other information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law.

  2.3 Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

  2.4 Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

  2.5 Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Actions.

  2.6 Economist:  an Expert retained for the sole purpose of providing testimony or consulting on damages, impact, or other similar issues of an economic nature.

  2.7 Expert:  a person with specialized knowledge or experience in a matter pertinent to the Actions who has been retained by a Party or its Counsel to serve as an expert witness or consultant in the Actions.  No Party or employee of a Party shall qualify as an expert for purposes of this Order.

  2.8 In-House Counsel:  litigation attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel;

      2.9    Merck's Mumps Vaccine: means mumps-containing vaccines manufactured by or for Merck and sold by or for Merck in the United States.

      2.10    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items" (regardless of how it is generated, stored or maintained) or tangible things that contain or reflect non-public trade secrets or other current or prospective confidential research, development, commercial, or financial information, or other highly sensitive data, the disclosure of which to another Party or Non-Party could cause a competitive disadvantage to a Producing Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means. Unless otherwise agreed, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items are limited to:

      (a).    highly sensitive and confidential strategic planning information;

      (b)    highly sensitive and confidential competitive analyses;

      (c)    highly sensitive and confidential documents reflecting the manufacturing process for Merck's Mumps Vaccine;

      (d)    highly sensitive and confidential pricing and cost information,

All parties reserve the right to seek relief from the Court to designate any other information HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY.

      2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party in these Actions.

      2.12    Outside Counsel of Record: attorneys who are not employees of a Party to the Actions but are retained to represent or advise a Party to the Actions and have appeared in the Actions on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.

2.13 <u>Party</u>: any party to these Actions, including all of its officers, directors, and employees.

2.14 <u>Plaintiffs</u>: Chatom Primary Care, P.C., Andrew Klein, M.D., John I. Sutter, M.D., George E. Nakashima, M.D., and Bellaflor A. Trompeta, M.D., a Medical Corporation, collectively.

2.15 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in these Actions.

2.16 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.18 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.19 <u>Relators</u>: Stephen A. Krahling and Joan A. Wlochowski collectively.

3. <u>SCOPE</u>

The protections conferred by this Order cover Protected Material produced in discovery in the Actions as well as (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not

involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

   4.   DURATION

Even after Final Disposition of the Actions, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in the Actions, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. This Court will retain jurisdiction to enforce the terms of this Order following the Final Disposition of the Actions.

   5.   DESIGNATING PROTECTED MATERIAL

   5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection must take care to limit any such designation to specific material that qualifies for protection under this Order.

   5.2   Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   (a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix

the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material or, in the case of native file production, in conformity with the Stipulation and Order Regarding Production of Documents and Information.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or pages thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each document or page of a document that contains Protected Material.

(b)     <u>for testimony given in deposition or in other pretrial proceedings</u>, that all deposition testimony or testimony during other pretrial proceedings shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" for a period of 30 days from the date of receipt by Outside Counsel of Record of a final transcript during which a Designating Party may identify the specific portions of testimony as to which protection is sought and specify the particular level of protection being asserted. At the expiration of that 30 day period, only those portions that are specifically identified will qualify for protection under this Order. Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript also shall be treated during the 30-day period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

    (c) <u>for information produced in some form other than documentary form and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  If only a portion or portions of the information or item warrant(s) protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

    5.3 <u>Inadvertent Failures to Designate</u>.  If corrected within a reasonable period of time after production, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

  6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1 <u>Meet and Confer</u>.  In the event of a challenge to a designation, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or by telephone) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

    6.2  <u>Judicial Intervention With Respect to Confidentiality Designations</u>.  If the challenge cannot be resolved through the meet and confer process, the Challenging Party disputing the designation may apply to the Court for a ruling that Disclosure or Discovery Material (or a category of Disclosure or Discovery Material) designated as Protected Material by the Designating Party is not entitled to protection.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and frivolous objections to challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging or Designating Party to sanctions.

    While any challenge pursuant to this paragraph is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

    7.  ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle the Actions and shall not communicate such Protected Material in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Order.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Actions have been terminated, a Receiving Party must comply with the provisions of Section 14 below.

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in the Actions, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Actions;

    (b) attorneys employed by the United States Department of Justice provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) the Relators and the officers, directors, and employees (including In-House Counsel) of the Receiving Party (including Plaintiffs) to whom disclosure is reasonably necessary for purposes of the Actions provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) Government employees of FDA, CDC, HHS, or EMA to whom disclosure is reasonably necessary for purposes of the Actions provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (e) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that, if such Expert is not an Economist and is currently an employee, consultant or contractor for GlaxoSmithKline or any other pharmaceutical company and/or any research organization, university, or company that currently manufactures, sells, or is developing a vaccine for mumps, he or she first complies with the notice requirements of Section 7.4(b) below;

(f) the Court and its personnel;

(g) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, witnesses in the Actions to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i) the author or recipient of a document containing the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in the Actions, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Actions;

(b) attorneys employed by the United States Department of Justice provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Government employees of FDA, CDC or HHS to whom disclosure is reasonably necessary for purposes of the Actions provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Actions and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A, that has been designated to receive such information or item ("Designated In-House Counsel") and as to whom the Designating Party does

10

not object to disclosure, in accordance with Section 7.4 below, including the following Designated In-House Counsel for Defendant Merck Sharp & Dohme Corp., formerly known as Merck & Co. Inc. who are responsible for the oversight of these Actions: Bruce Kuhlik, Michael Holston, Paul Weissman, Patrick Gibson, and Alan Modlinger;

(e) Experts of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Actions, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that, if such Expert is not an Economist and is currently an employee, consultant or contractor for GlaxoSmithKline or any other pharmaceutical company and/or any research organization, university, or company that currently manufactures, sells, or is developing a vaccine for mumps, he or she first complies with the notice requirements of Section 7.4(b) below;

(f) the Court and its personnel;

(g) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, witnesses in the Actions who are employed by a Party and to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Only counsel, the witness and his or her attorney and persons otherwise authorized under the terms of this Order may be present during any examination concerning Confidential or Highly Confidential – Attorneys' Eyes Only material. A witness shall not retain or copy portions of the transcript of their testimony or any exhibits marked during the deposition that contains Confidential or Highly Confidential – Attorneys' Eyes Only material; and

(i) the author or recipient of a document containing the information.

7.4 <u>Procedures for Requesting Disclosure of Information or Items Designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

11

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, Defendant Merck Sharp & Dohme Corp., formerly known as Merck & Co., Inc. may disclose to Designated In-House Counsel, other than those specifically identified in Section 7.3(c) above, any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if it first makes a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that Defendant Merck Sharp & Dohme Corp., formerly known as Merck & Co., Inc. seeks permission to disclose to additional Designated In-House Counsel, (2) sets forth the full name of Designated In-House Counsel and the city and state of his or her primary residence; and (3) describes generally the Designated In-House Counsel's current and reasonably foreseeable duties and responsibilities with respect to the Actions.

(b) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Receiving Party may disclose information or items that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to an Expert that is currently an employee, consultant or contractor for GlaxoSmithKline or any other pharmaceutical company and/or any research organization, university, or company that currently manufactures, sells, or is developing a vaccine for mumps, pursuant to Sections 7.2(e) and 7.3(e) above only if, for all Experts except Economists, the Receiving Party first makes a written request to the Designating Party that (1) identifies the general categories of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence; (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), and (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom

the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years.

(c) A Party that makes a request and provides the information specified in the preceding paragraphs may disclose the subject Protected Material to the identified Designated In-House Counsel or Expert after five business days of making the request and providing the required information (collectively, the "Request Date") unless, within five business days of the Request Date, the Party receives a written objection from the Designating Party setting forth the grounds on which the objection is based.

(d) A Party that receives a timely written objection must meet and confer with the Designating Party (either in person or by telephone) to try to resolve the matter by agreement within seven days of the written objection. If the dispute is not resolved during the meet and confer, the Party receiving the objection may seek relief from the Court.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party and include in such notification a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and must include a copy of this Order with the notification; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by an appropriate court, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. APPLICABILITY OF THIS PROTECTIVE ORDER TO NON-PARTIES

9.1 Order Applicable to Non-Parties. The terms of this Order are applicable to information produced by Non-Parties in the Actions and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with these Actions is protected by the remedies and relief provided by this Order.

9.2 Service of Order With Non-Party Discovery Request. The Party issuing any subpoena or other discovery request on any Non-Party in these Actions ("Requesting Party") shall include with any such subpoena or discovery request a copy of this Order.

9.3 Request to a Party Seeking Non-Party Confidential Information. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   (b) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   (c) make the information requested available for inspection by the Non-Party.

  If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's responsive confidential information. If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

 10. <u>FILING OF PROTECTED MATERIAL</u>

  In the event a Party wishes to use any Protected Material or any papers containing or making reference to the content of such material in any pleading or document filed with the Court in these Actions, such pleading or document and any appended Protected Material shall be filed under seal pursuant to the Local Rules of Civil Procedure for the Eastern District of Pennsylvania until such time as the Court orders otherwise or denies permission to file under seal. The sealed material shall plainly state on the first page of any bound or stapled document "CONTAINS CONFIDENTIAL MATERIAL PURSUANT TO PROTECTIVE ORDER—FILED UNDER SEAL" and shall be filed only in sealed envelopes which shall be endorsed with the appropriate caption and a statement in the following form: "CONFIDENTIAL – THIS ENVELOPE CONTAINS DOCUMENTS THAT ARE SUBJECT TO A PROTECTIVE ORDER ENTERED BY THE COURT IN THIS ACTION. THIS ENVELOPE SHALL NEITHER BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT."

11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Nothing in this Order shall be construed to prohibit a Producing Party from seeking relief from any inadvertent or unintentional disclosure of confidential, privileged, or work-product information.  Nothing in this Order shall diminish the legal rights of any person seeking such relief.  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d), neither the attorney-client privilege nor the work product protection is waived by inadvertent production in these Actions or any other action.  This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

13. <u>MISCELLANEOUS</u>

13.1  <u>Right to Further Relief and Modification by the Court</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

    13.2  <u>Right to Assert Other Objections</u>.  No Party waives through entry of this Order any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

    13.3  <u>Right of a Party to Use Its Own Documents.</u>  Nothing in this Order shall affect a Party's use or disclosure of its own documents in any way.

    13.4  <u>Right of a Party to Use Independently Obtained Documents.</u>  Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material or information legally obtained by such Party independent of formal discovery proceedings in these Actions.

  14.  <u>FINAL DISPOSITION</u>

    Within 90 days after the Final Disposition of the Actions, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected

Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

**AND SO ORDERED** this _26th__ day of _January__, 2015.


                                                  /s/ Lynne A. Sitarski
                                            LYNNE A. SITARSKI,   U.S.M.J.