IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, STEPHEN A. KRAHLING and JOAN A. WLOCHOWSKI, *Plaintiffs*, v. MERCK & CO., INC., *Defendant*. | : : : : : : : : : : | CIVIL ACTION NO. 10-4374 |

## ORDER

**AND NOW**, this **27th** day of **July 2023**, upon consideration Relators' Motion for Summary Judgment (ECF No. 294) and Defendant Merck's Motions for Summary Judgment (ECF Nos. 281, 283, 285, 287), along with the responses and replies thereto, it is **hereby ORDERED** that for the reasons stated in the accompanying Memorandum:

1. Relators' Motion for Summary Judgment (ECF No. 294) is **DENIED**.

2. Merck's Motions for Summary Judgment based on an Efficacy Theory and the Kessler-Based Theory (ECF Nos. 281 and 287) are **GRANTED**.

3. Merck's Second Motion for Summary Judgment Against Relator Krahling (ECF No. 283) and Merck's Third Motion for Summary Judgment on the Time-Barred Claims and Damages (ECF No. 285) are **DENIED as moot.**

4. Judgment is **ENTERED** in favor of Defendant Merck and Relators' Amended Complaint is **DISMISSED IN FULL WITH PREJUDICE**.

5. The accompanying Memorandum **shall remain under seal for seven days**. Any party or non-party seeking to preclude public access to the accompanying Memorandum shall **show**

**particularized good cause**[1] in a memorandum not exceeding five pages to be filed no later than **12:00 p.m. on August 3, 2023** as to why the Court should preclude public access as to each word/line sought to be precluded from public access and shall email the underlying Memorandum with the proposed redactions to Chambers contemporaneous with filing the show cause Memorandum.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**

---

[1] *See Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019) (explaining that a party seeking to overcome the presumption of access to a judicial document bears the burden of showing "that the interest in secrecy outweighs the presumption" and that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure"); *see also In re: Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-mc-209-CFC, 2020 WL 2949742 (D. Del. Mar. 25, 2020).